Narr. in trespass. First count: for assault and battery in Brandywine hundred, and false imprisonment of plaintiff. Second count: for assault and battery. Third count: for taking and carrying away a bay mare and wagon, and converting the same.
Pleas: to the first count, not guilty; and a justification under a capias issued by William M'Caulley, Esq., a justice of the peace of New Castle county, against plaintiff, at the suit of one Philip Plunket; under and by virtue of which the defendant, then being a constablein the city of Wilmington, arrested the plaintiff in the said city as he well might. To the second count, not guilty. To the third count, not guilty, and a justification by virtue of execution process *Page 417 
issued on a judgment rendered by William M'Caulley, Esq., a justice of the peace of New Castle county, at the suit of Philip Plunket against Thomas Lawson (the plaintiff,) and one James Smyth: he the said defendant being at the time of said taking, the deputy of David L. Moody, a constable, and seizing said goods, c., by virtue of said writ, as such deputy. Rejoinder and issue. Issues to the plea of not guilty. Replication to second plea, first count: that the trespasses alledged in the narr. were not committed in the due execution of the writ mentioned in the plea, and that defendant had no authority to execute the same; but that the defendant, being a constable for Wilmington city, illegally arrested the plaintiff beyond the city limits. Replication to second plea, third count: that defendant was not the deputy of David L. Moody. Issues.
It appeared in evidence that the defendant was a city constable, and having a capias against the plaintiff called on him beyond the Brandywine, and gave him the warrant to read, but did not lay his hand on him. The plaintiff considered himself as arrested, tried to get security for his appearance; and asked the constable to let him go home for his coat; which, after some hesitation he permitted, and waited for defendant on the same clay levied on the mare and wagon in Brandywine hundred. This execution when produced was indorsed by a written deputation from David L. Moody, a constable of New Castle county. Mr. Moody now confirmed the deputation, and proved that he made it on the day of the trial before the justice, but whether before or after the levy, he did not know.
Wm. H. Rogers, for plaintiff, contended — 1st. That there was an arrest in Brandywine hundred, whether defendant laid his hands on plaintiff or not; if he obliged Lawson to go over to Wilmington, it was an arrest. 2d. That there was no proof of a deputation in fact before the levy. 3d. That there is no authority under our laws for a constable to depute another to act for him. (2 Harr. Rep. 318, Carlisle vs. Carlisle'sadm'r.)
Bayard, contra. — 1st. To constitute an arrest there must be an actual imposition of hands. The constable has no right to compel a person to go with him without this ceremony; and if a man choose to go without such an arrest, it is his own folly. If this plaintiff had resisted Buzines and refused to go, he would have been justifiable; and Buzines would have been guilty of an assault and battery, if he *Page 418 
had touched Lawson. 2d. Buzines was regularly deputed by Moody to make the levy. One constable can depute another to levy an execution for him. It is the constant practice. He is a mere ministerial officer. The principal is responsible for the deputy's act.
By the Court:
The defendant is liable to this action if he arrested the plaintiff in Brandywine hundred. As a constable of the city of Wilmington, he has no authority out of the city limits. To constitute a legal arrest the officer must lay his hand on the defendant, or otherwise take possession of his person. He must make him his prisoner in an unequivocal form.
But it has been decided that if an officer so treat a party as to constrain him to go with him, to prevent a resort to actual force, this is an imprisonment. (R. M. 32; 2 Car. P.
360; Ros. Civ. Ev. 459.) An imprisonment is any forcible detention of a man's person, or control over his movements. Such an imprisonment would make the defendant liable to damages; but if the plaintiff accompanied him without any constraint, it would not amount to either an arrest or an imprisonment.
The levy under the execution process seems to have been regular; that is, if the indorsement of deputation was not made after the levy in order to supply the defect of authority. The jury must judge of that. If the deputation was made before, we think it would authorize the levy. It is merely a ministerial act, and the constable deputizing would be liable for any abuse of authority, in the same manner as if he had done it himself.
 Verdict for defendant.